NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GILBERT RUBEN MORENO, *Appellant*.

No. 1 CA-CR 18-0316
FILED 11-1-2018

Appeal from the Superior Court in La Paz County
No. S1500CR201600253
The Honorable Matthew G. Newman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Craig Williams, Attorney at Law PLLC, Prescott Valley
By Craig Williams
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

¶1        Gilbert Ruben Moreno appeals his conviction of possession of narcotic drugs and possession of drug paraphernalia and the resulting sentences.  Moreno's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Moreno was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Moreno's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2        A Quartzsite police officer pulled over Moreno for speeding and learned that Moreno was driving on a suspended license.  A drug detection dog subsequently alerted to the presence of drugs in Moreno's vehicle, and the officer found a white substance (later confirmed to be cocaine) inside a pack of cigarettes on the driver's side compartment door, and a glass pipe with burnt residue inside a backpack in the back seat.  After being read his *Miranda*[1] rights, Moreno admitted that the cocaine belonged to him.

¶3        The State charged Moreno with possession of narcotic drugs, a class 4 felony, and possession of drug paraphernalia, a class 6 felony.  *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-3408(A)(1), -3415(A).  Moreno moved to suppress the evidence from the traffic stop, including his statements.  After a suppression hearing, the superior court ruled that the physical evidence was admissible because it was found after a probable cause search.  The court also ruled that Moreno's post-*Miranda* statements were admissible,

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

but suppressed Moreno's pre-*Miranda* statements made when he was under arrest and handcuffed.

¶4        A jury found Moreno guilty as charged, and the superior court sentenced him under A.R.S. § 13-901.01 to two years of supervised probation, with credit for 18 days of presentence incarceration.  The court ruled that the possession of drug paraphernalia conviction would remain a felony while Moreno was on probation, but that it would be designated a misdemeanor upon his successful completion of probation.  Moreno timely appealed.

## DISCUSSION

¶5        We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.

¶6        Moreno was represented by counsel at all stages of the proceedings against him.  Moreno was present for portions of the trial, and counsel waived Moreno's presence when he was not there.  The superior court also instructed the jury that they were not to hold Moreno's absence against him.  The record reflects that the superior court afforded Moreno all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts.  Moreno's sentences fall within the range prescribed by law, *see* A.R.S. § 13-901.01, with proper credit given for presentence incarceration.

## CONCLUSION

Moreno's convictions and sentences are affirmed.  After the filing of this decision, defense counsel's obligations pertaining to Moreno's representation in this appeal will end after informing Moreno of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On

the court's own motion, Moreno has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA